IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

INGRID JOHNSON,

                Plaintiff,

v.

KARL REINKE, et al.,

                Defendants.

Case No. 3:25-cv-00214-SLG

## ORDER OF DISMISSAL UPON SCREENING

On September 15, 2025, self-represented litigant Ingrid Johnson ("Plaintiff") filed a complaint, a civil cover sheet, an application to waive payment of the filing fee, a letter, an affidavit, and summons forms.[1] On October 14, 2025, Plaintiff filed a motion and a temporary parenting plan.[2] On October 21, 2025, she filed two emergency motions.[3] On November 20, 2025, Plaintiff filed another emergency motion. On December 9, Plaintiff filed an emergency supplemental notice.[4] On December 10, 2025, Plaintiff filed a "notice of fraudulent jurisdictional inference."[5]

In its Standing Order, the Court informed Plaintiff that her Complaint would

---

[1] Dockets 1-6.

[2] Dockets 7-8.

[3] Dockets 9-10.

[4] Docket 13.

[5] Docket 14.

be screened in due course[6] and cautioned her that "filing unnecessary motions or other documents or attempts to serve other parties without guidance from the Court, may result in the summary denial of motions, orders prohibiting such filings, or delay in the litigation."[7] The Court also informed Plaintiff that "[i]t is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to [her] case."[8]

Yet, to date, Plaintiff's filings include over 350 pages of documents, and on January 22, 2026, Plaintiff inappropriately sent an email to the Court via an inbox intended for proposed orders. The Court recognizes that documents filed by self-represented litigants are to be construed liberally, and that federal courts must act with some leniency toward those without legal training.[9] However, self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[10]

---

[6] Docket 11 at 1.

[7] Docket 11 at 2.

[8] Docket 11 at 5.

[9] See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[10] See 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). See also U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:25-cv-00214-SLG, *Johnson v. Reinke, et al.*
Order of Dismissal Upon Screening
Page 2 of 6
Case 3:25-cv-00214-SLG    Document 15    Filed 01/26/26    Page 2 of 6

The Court has now screened the Complaint in accordance with 28 U.S.C. § 1915. Upon review, the Complaint fails to adequately state a claim for which relief may be granted. The Complaint lacks any basis upon which the Court could establish that it has personal jurisdiction over the named Defendants or could be considered a proper venue for this action.[11] None of the Defendants reside in Alaska and none of the alleged events took place in Alaska. Plaintiff herself indicates this case is intended to "aid" in her appeal pending in the Fifth Circuit Court of Appeals and has explicitly stated that this case contains the "same factual core and legal claims" as her cases in Washington state court and in Texas.[12] For these reasons, the Court finds that it lacks personal jurisdiction and this case is duplicative of others that have been dismissed or are currently pending before other courts. Therefore, dismissal of this action without leave to amend is warranted.

## DISCUSSION

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the related cases Plaintiff has filed in state and federal court.[13] As

---

[11] *See, generally,* Fed. R. Civ. P. 12(b)(2) (federal district courts must have personal jurisdiction over the parties); 28 U.S.C. § 1391 (a civil action may be brought in a federal district court in which either the defendant resides or a substantial part of the events giving rise to the claim occurred).

[12] *See, e.g.,* Docket 7 at 2.

[13] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *See also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.

Case No. 3:25-cv-00214-SLG, *Johnson v. Reinke, et al.*
Order of Dismissal Upon Screening
Page 3 of 6
Case 3:25-cv-00214-SLG    Document 15    Filed 01/26/26    Page 3 of 6

a result of her litigation tactics, Plaintiff has been determined to be a vexatious litigant in the King County Superior Court,[14] and the District Court for the Western District of Washington has taken note of her "concerning litigation conduct[.]"[15] The District Court for the Northern District of Texas revoked Plaintiff's electronic fling privileges and also implemented a vexatious litigant order because after the court explicitly warned Plaintiff that she could be subject to "monetary sanctions or a vexatious-litigant filing ban should her conduct continue, and reiterated its intent to impose a pre-filing injunction against her . . . Plaintiff . . . filed eight additional docket entries that do not purport to provide good cause [and a] new case already featuring twenty-seven docket entries."[16]

Seemingly dissatisfied with how her claims have proceeded in other courts, Plaintiff now comes to the District of Alaska with claims against Karl Reinke, Judge Monica Cary, Ryan Ellis, Robert Ferguson, Kimberly Frederick, LinkedIn

---

1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks omitted).

[14] *See, e.g., Ingrid Johnson v, Karl Reinke,* Order Granting Respondent's Motion for a Vexatious Litigant Order, Case No. 18-3-05341-6 (King Cnty. Super. Ct., July 9, 2025) (concluding that Plaintiff "has engaged in a knowing, willful, and extensive pattern of abusive litigation and weaponization of the court system"); *Johnson u. King Cnty. Super. Court,* 2025 WL 2409917, at*1 (W.D. Wash. Aug. 20, 2025) ("The Court observes . . . that the margins of the IFP application are laden with profanity directed at the undersigned and Chief Judge Estudillo. The Court also notes that Plaintiff has similarly sent profanity-laden emails to the Court, which are being collected.").

[15] *Johnson v. King Cnty. Superior Ct.,* 2025 WL 2508974, at *2 (W.D. Wash. Sept. 2, 2025).

[16] *Johnson v. King County Superior Court, et al.,* Case No. 2:25-CV-160-Z, Docket 100-1. *See also Johnson u. Reinke*, Case No. 2:25-CV-203-Z (N.D. Tex. 2025).

Case No. 3:25-cv-00214-SLG, *Johnson v. Reinke, et al.*
Order of Dismissal Upon Screening
Page 4 of 6
Case 3:25-cv-00214-SLG    Document 15    Filed 01/26/26    Page 4 of 6

Corporation, Leesa Manion, Microsoft Corporation, Karen Mitchell, OpenAI, Inc., Royal Caribbean Cruises Ltd., Attorney Erica Knauf Santos, Seattle Police Department, TikTok Inc., and Travelers Indemnity Company. Plaintiff characterizes her case as a "RICO and kidnapping" matter and asks this Court to intervene to correct "severe constitutional wrongs" including retaliation, judicial misconduct, extortion, obstruction of justice, and denial of due process, among others.[17]

Upon review, Plaintiff's claims are the same as or substantially similar to claims dismissed by or pending in other courts.[18] Plaintiff may not collaterally attack those rulings or relitigate the same claims by filing a new action in this Court. To the extent Plaintiff disagrees with rulings issued in other proceedings, her sole remedy is to pursue relief through the proper appellate process in the court system that issued the decision.

For these reasons, Plaintiff's Complaint is DISMISSED. The Court finds that granting Plaintiff leave to file an amended complaint in the District of Alaska against the named Defendants in this action would be futile.

## EMERGENCY MOTIONS

The filing of "emergency motions" is disfavored and is properly confined to

---

[17] Docket 12 at 4; Docket 1-2 at 1-2.

[18] *See, e.g., Johnson v. Carey,* Case No. 2:25-cv-00564, Docket 12 (W.D. Wash. 2025) (dismissing Plaintiff's claims against Judge Monica Cary on grounds of judicial immunity and *Younger* abstention).

Case No. 3:25-cv-00214-SLG, *Johnson v. Reinke, et al.*
Order of Dismissal Upon Screening
Page 5 of 6
Case 3:25-cv-00214-SLG   Document 15   Filed 01/26/26   Page 5 of 6

only limited circumstances.[19] Plaintiff's motions fail to establish good cause for expedited consideration, do not describe any efforts to resolve the matter between the parties, and combines multiple requests for relief within one motion.[20] Plaintiff's filings are both procedurally and substantively deficient, and the Court declines to consider them.

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED**.

2. All pending motions are **DENIED as moot**.

3. The Clerk of Court shall issue a final judgment and close this case.

DATED this 26th day of January, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[19] *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)).

[20] *Id. See also* Local Civil Rules 5.1(f)(2) and 7.1(e).

Case No. 3:25-cv-00214-SLG, *Johnson v. Reinke, et al.*
Order of Dismissal Upon Screening
Page 6 of 6
Case 3:25-cv-00214-SLG    Document 15    Filed 01/26/26    Page 6 of 6